UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BARRY HOWLAND HENDERSON,    )
                            )
    Plaintiff                )
                            )
v.                          )    No. 2:10-cv-122-GZS
                            )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security, )
                            )
    Defendant                )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal presents two issues: whether the administrative law judge failed to account for her finding that the plaintiff had a moderate limitation in his ability to maintain concentration, persistence, and pace, and whether the residual functional capacity ("RFC") she assigned to the plaintiff is properly supported by substantial evidence. I recommend that the court vacate the commissioner's decision and remand the case for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through December 31, 2007, Finding 1, Record at

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 18, 2011, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

9; that, through this date, he suffered from gout, anxiety, and depression, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, at 9-10; that, through this date, he had the RFC to perform light work, except that he could not crawl or climb ladders, ropes, or scaffolds, could only occasionally crouch and climb ramps and stairs, and was limited to unskilled, routine, repetitive tasks with consistency of tasks on a daily basis and, within that context, could maintain attention, concentration, persistence, pace, and focus, and could have no interaction with the public, Finding 5, *id*. at 12; that he was unable to perform any past relevant work, Finding 6, *id*. at 14; that, given his age (49 on the date last insured), at least a high school education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could have performed before the date last insured, Findings 7-10, *id*. at 15; and that, therefore, he was not under a disability as that term is defined in the Social Security Act at any time from October 1, 2006, the alleged date of onset, through December 31, 2007, the date last insured, Finding 11, *id*. at 16. The Decision Review Board affirmed the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.,* 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review herein is whether the commissioner's determination is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**Discussion**

The plaintiff contends that the limitation to "unskilled, routine, repetitive tasks with consistency of tasks on a daily basis and within that context [he] can maintain attention, concentration, persistence, pace and focus," Record at 12, is fatally inconsistent with the finding that the plaintiff suffers from a moderate limitation in his ability to maintain concentration, persistence, and pace, *id*. at 11, 14. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 7) at 2-5.

The plaintiff relies on *McHugh v. Astrue*, Civil No. 09-104-B-W, 2009 WL 5218059, at *4 (D. Me. Dec. 30, 2009) (*aff'd* Jan. 20, 2010). *Id*. at 3. In *McHugh*, the administrative law judge found the claimant to have the RFC to perform a full range of work at all exertional levels, with a limitation to unskilled work and low-stress work. 2009 WL 5218059 at *2. "Low-stress work" was defined as "work requiring only occasional judgment, decision-making, changes in the work setting, supervision, and interaction with co-workers, and no more than occasional, incidental contact with the public." *Id*. I noted that "[t]his court has held that the . . . restrictions to unskilled work and to only occasional judgment, decision-making, and changes in the work setting . . . do not reflect moderate restrictions in the broad category of concentration, persistence, or pace." *Id.*

3

In the instant case, the administrative law judge's opinion is cast in somewhat different terms. She found that the plaintiff was limited to "unskilled, routine, repetitive tasks with consistency of tasks on a daily basis and within that context [he] can maintain attention, concentration, persistence, pace and focus, and no interaction with the public." Record at 12. Contrary to the plaintiff's characterization, Itemized Statement at 4, the instant case cannot be compared to *McHugh* and found to have a less limiting description of work capacity based on the terms used by an administrative law judge in a third case, *Edwards v. Barnhart*, 383 F.Supp.2d 920, 930 (E.D. Mich. 2005), simply because *Edwards* was cited in *McHugh*.

In *Maldonado v. Astrue*, Civil No. 08-412-B-W, 2009 WL 1885057 (D. Me. June 30, 2009), one of two other District of Maine cases cited by the plaintiff in connection with this argument, the administrative law judge found that moderate limitations in concentration, persistence, and pace translated directly to a limitation to unskilled work, and gave no explanation of this finding. *Id*. at *5. That is not what happened in the case at hand. Here, the administrative law judge found that moderate limitations in concentration, persistence, and pace affected the RFC by limiting the full range of light work as set forth above. Record at 14. As noted in *Cummings v. Astrue*, Civil No. 09-391-P-H, 2010 WL 2076021 (D. Me. May 20, 2010), the other Maine case cited by the plaintiff, it is the absence of explication by the decision-maker of the reasoning leading from such moderate limitations to "no more than moderately complex tasks commensurate with a high school education," rather than the fact that such a conclusion was drawn, that requires remand. *Id*. at *4. The question here, therefore, is whether the administrative law judge's discussion of her reasoning in this regard is sufficient. *Accord, Abdi v. Astrue*, No. 2:10-cv-89-GZS, Report and Recommended Decision at 8-10.

The limitations imposed by the finding of moderate limitations in concentration, persistence, and pace in this case are more extensive than those set forth by the administrative law judges in the cases cited by the plaintiff, making this question a very close one. Given this court's past focus on the need for an explanation of such conclusions by the administrative law judge, and the minimal, conclusory explanation given in this case, I conclude that remand is warranted.

This is true despite the contention of counsel for the commissioner at oral argument that this court's decisions in *Morrison v. Astrue*, Civil No. 09-141-P-S, 2009 WL 5218058 (D. Me. Dec. 30, 2009), and *Conley v. Astrue*, Civil No. 08-202-P-S, 2009 WL 214557 (D. Me. Jan. 28, 2009), hold that moderate limitations in concentration, persistence, and pace address only the ability to work in other than a fast-paced production capacity and do not restrict that ability. The contention is not well-taken. First, nothing in the administrative law judge's opinion in this case suggests that she was restricting her conclusions to work in other than a fast-paced production capacity. *See Morrison*, 2009 WL 5218058, at *6 (plaintiff "restricted to simple, routine tasks not performed in a fast-paced production environment"); *Conley*, 2009 WL 214557, at *3. Moreover, "consistency of tasks" cannot reasonably be construed as the equivalent of work "not performed in a fast-paced production capacity."

It is, therefore, unnecessary to address the second basis for remand pressed by the plaintiff: that the moderate limitation on concentration, persistence, or pace found by the administrative law judge is unsupported by substantial evidence because no medical expert testified at the hearing and the state-agency psychological evaluations did not find any mental limitations on RFC. Itemized Statement at 6-7. Because this state of affairs, if accurately described, favors the plaintiff, it might, if fully examined, constitute harmless error. In any

event, the commissioner should be aware of the need for evidentiary support for such findings in connection with the remand.[2]

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

### NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of March, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] I reject the contention of counsel for the commissioner at oral argument that, because the medical evidence supports a finding of a mild, rather than a moderate, limitation in concentration, persistence, or pace, there was no error in the failure of the administrative law judge to address the topic. Nothing in *Kelly v. Astrue*, Civil No. 09-78-B-W, 2009 WL 3152796 (D. Me. Sept. 28, 2009), the authority cited by counsel for this position, supports it.